1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  PHILIP KOPCZYNSKI (NYBN 4627741)
   Assistant United States Attorney

5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7200
7      Facsimile: (415) 436-7027
       philip.kopczynski@usdoj.gov

8
   Attorneys for United States of America

9
                    UNITED STATES DISTRICT COURT

10
                  NORTHERN DISTRICT OF CALIFORNIA

11
                     SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,            )   CASE NO. 13-CR-800 WHO
                                         )
14         Plaintiff,                    )   **DETENTION ORDER**
                                         )
15     v.                                )
                                         )
16  SCANVINSKI JEROME HYMES,             )
                                         )
17         Defendant.                    )
                                         )
18  _____

19         On January 30, 2020, defendant Scanvinski Jerome Hymes pleaded guilty to Count One of the

20  Superseding Indictment, which charged him with conspiring to distribute five grams or more of actual

21  methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii),

22  and 846.   Sentencing is set for August 13, 2020.

23         This matter came before the Court on June 25, 2020, for a hearing to review a release order

24  issued by the magistrate court. The defendant appeared by telephone and was represented by counsel,

25  who also appeared telephonically.  The defendant waived an in-person appearance and knowingly and

26  voluntarily agreed to proceed by telephone.  Because of challenges caused by the COVID-19 pandemic

27  and the expedited scheduling of the hearing, videoconferencing was not available.  An assistant United

28  States attorney appeared for the government by telephone.

1      In deciding this matter, the Court's review of the magistrate court's decision was de novo. The

2  Court reviewed the motion for release filed by Hymes before the magistrate court, the exhibits submitted

3  by Hymes in support of his motion, the government's opposition to Hymes' motion, and the bail study

4  prepared by U.S. Pretrial Services, which recommended that Hymes remain detained.  The Court also

5  reviewed a record of the detention proceedings before the magistrate court, the magistrate court's

6  written order granting bail and the proposed bond form, and the government's brief in support of its

7  appeal of the magistrate court's order to this Court.  The Court also reviewed reports concerning

8  incidents involving the defendant at Santa Rita jail obtained by the government, and additional

9  documents on that subject submitted by the defendant.  Finally, the Court considered the factual proffers

10  and arguments of counsel, as well as a statement made by the defendant himself, at the June 25 hearing.

11      Upon consideration of the facts, documents, proffers, and arguments presented, and for the

12  reasons stated on the record, the Court finds that the defendant has not met his burden of showing by

13  clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other

14  person or the community. 18 U.S.C. § 3143(a)(1).  In addition, because of the nature of the crime to

15  which he has pleaded guilty, Hymes is subject to mandatory detention under Title 18, United States

16  Code, Section 3143(a)(2), and it has not been clearly shown that there are exceptional reasons why his

17  detention would not be appropriate. 18 U.S.C. § 3145(c).  Accordingly, the defendant must be detained

18  pending sentencing.

19      IT IS SO ORDERED.

20  DATED: July 13, 2020

                              WILLIAM H. ORRICK

21                            United States District Judge